UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE: §
§ Case No. 14-12842-t11
CHUZA OIL COMPANY, § (Chapter 11)
§
DEBTOR. §

**BAKER HUGHES OILFIELD OPERATIONS, INC. AND X-CHEM, LLC'S (I)
OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL FOR THE
FIRST INTERIM PERIOD (SEPTEMBER 24, 2014 THROUGH FEBRUARY 28, 2015)
AND (II) OPPOSED CROSS-MOTION FOR ADEQUATE PROTECTION PAYMENTS**
[Relates to Dkt. No. 40]

TO THE HONORABLE DAVID T. THUMA, UNITED STATES BANKRUPTCY JUDGE:

Baker Hughes Oilfield Operations, Inc. ("Baker Hughes") and X-Chem, LLC ("X-Chem"), by counsel, file this *Objection to Debtor's Motion for Use of Cash Collateral for the First Interim Period (September 24, 2014 Through February 28, 2015) and Opposed Cross-Motion for Adequate Protection Payments*, and state as follows:

## BACKGROUND FACTS

1. As explained in the *Debtor's Motion for Use of Cash Collateral for the First Interim Period (September 24, 2014 Through February 28, 2015)* (the "Subject Motion"):

> [t]he Debtor's assets consist primarily of its working interest and royalty interest in the NE Hogback Field in San Juan County, NM. The Debtor has a 100% working interest … in this field.[1] Debtor also has oilfield equipment.

Subject Motion at p. 3. The Subject Motion also explains that "[t]he Debtor has approximately 24 total oil wells, of which approximately 18 are operational," which wells produce oil and gas proceeds in the approximate amount of $100,000.00 per month. *Id*. at p. 2; *see also id*. at Ex. A to Subject Motion ("Debtor Budget").

2. Between February 28, 2014 and August 26, 2014, X-Chem furnished materials and services to Debtor at the Subject Property for which X-Chem was not paid. *See* X-Chem's

---

[1] Debtor's interests in the NE Hogback Field are referred to herein as the "Subject Property."

Statement and Affidavit in Support of Lien on Oil or Gas Property ("X-Chem Lien Affidavit"), attached as **Exhibit 1**, at p. 4; *see also* Proof of Claim No. 12-1. The principal amount Debtor owes to X-Chem is $31,836.53. *See id*. The X-Chem Lien Affidavit was recorded in the real property records of San Juan County, NM on October 9, 2014. *See* X-Chem Lien Affidavit at p.1.

3. Between April 10, 2014 and April 12, 2014, Baker Hughes furnished materials and services to Debtor in connection with the NE Hogback Unit No. 74H Well, which is a part of the Subject Property. *See* Baker Hughes' Statement and Affidavit in Support of Lien on Oil or Gas Property (the "Baker Hughes Lien Affidavit"), attached as **Exhibit 2**, at p. 3; *see also* Proof of Claim No. 14-1. The principal amount Debtor owes to Baker Hughes is $625,133.36. *See id*. The Baker Hughes Lien Affidavit was recorded in the real property records of San Juan County, NM on October 8, 2014. *See* Baker Hughes Lien Affidavit at p. 1.

4. On September 24, 2014 (the "Petition Date"), Debtor filed its chapter 11 bankruptcy petition, its Schedules, and its Statement of Financial Affairs. *See* Docket No. 1.

5. In its Schedules, Debtor defined its interests in the Subject Property as a "74 1/2% Overriding Royalty Interest in the NE Hogback Field, Pipelines & Equipment, San Juan County, NM." Docket No. 1 at p. 6. Debtor estimated that the value of the Subject Property was $548,842.00. *See id*.

6. In its Statement of Financial Affairs, Debtor stated that between January 1, 2014 and September 24, 2014, Debtor received $992,144.85 in gross income from operations conducted on the Subject Property. *See id*. at p. 27.

7. On November 20, 2014, Debtor filed its Amended Schedules and revised the description of its real property interests. *See* Docket No. 44 at p. 3. Debtor described the Subject Property as a "74.5% Overriding Royalty" and "100% Working" interest in thirteen (13) federal

2

oil and gas leases comprising the "NE Hogback Field." *Id*. Debtor also stated that it owns a "100% Working Interest" in "Western Federal Lease NMNM 058917" (the "Western Federal Lease"). *Id*. Debtor again estimated the value of the Subject Property as $548,842.00. *Id*. Debtor estimated the value of its interest in the Western Federal Lease as $140,000.00. *Id*.

8. As Debtor explained in the Subject Motion, Debtor obtains its revenue from "the sale of oil produced from its wells, the proceeds of which may constitute cash collateral pursuant to 11 U.S.C. §363(a)" (the "Production Proceeds"). Subject Motion at p. 3. According to Debtor's testimony at the Section 341 Meeting of Creditors, Debtor obtains most of its revenue from the proceeds of production from the No. 73H and 74H wells, which are two horizontal oil wells the Debtor recently drilled on the Subject Property.

9. In the Subject Motion, Debtor appears to claim that Joyce Sellars ("Sellars") and Basin Well Logging Wireline Service, Inc. ("Basin") hold security interests in Debtor's Production Proceeds. *See id*. Sellars owns an equity interest in the Debtor. *See* Docket No. 43 at p. 11 (listing Sellars as a "Shareholder" with a "5.229146% interest"). In contrast, Debtor specifically disputes that Baker Hughes, X-Chem, Aztec Well Servicing, Co., Triple S Trucking Co., Inc., and Totah Rental Equipment Co., Inc.—each of which "filed claims of lien"—have any interest in Debtor's Production Proceeds. Subject Motion at pp. 3-4.

### SUMMARY OF NEW MEXICO OIL AND GAS M&M LIEN LAW

10. New Mexico Oil and Gas M&M Lien Law. New Mexico's Oil and Gas Lien Act provides that vendors who furnish materials or services for oil or gas well owners at such owners' oil or gas wells hold liens to secure payment for the materials and services the vendors provided ("M&M Liens"). N.M. STAT. ANN. § 70-4-1. M&M Liens (i) "attach as of the date on which the first of the materials, tools, machinery, equipment or supplies [were] furnished or hauled, or the first of the labor is performed" and (ii) encumber the:

3

whole of that land, oil and gas permit, leasehold, lease for oil and gas purposes, oil pipeline, gas pipeline, or gasoline pipeline, and right-of-way therefor, the buildings and equipment thereon, and the appurtenances thereto, *the proceeds from the sale of oil and gas produced therefrom inuring to the working interest*, and upon the materials, tools, machinery, equipment and supplies so furnished or hauled, and upon the oil and gas well for which they were furnished or hauled, and upon all the other oil and gas wells, fixtures, machinery, tools, equipment and appliances, used or employed in operating or developing, for oil and gas purposes, upon the land, oil and gas permit, leasehold, or lease for oil and gas purposes…[and any other property provided for in the statute].

*Id*. (*emphasis added*). In order to perfect M&M Liens—

[e]very original contractor, within two hundred ten days after the performance of the last labor or the furnishing or hauling of the last item of material, tools, machinery, equipment or supplies, and every person, except the original contractor, claiming the benefits of the Oil and Gas Lien Act … within one hundred eighty days after the performance of the last labor or the furnishing or hauling of the last item or material, tools, machinery, equipment or supplies shall file for record with the county clerk of the county in which the property upon which the lien is claimed or situated, a claim setting forth the name and residence of the claimant, the amount and the items claimed, the name of the person to whom the materials, tools, machinery, equipment or supplies were furnished or hauled or for whom the labor was performed, the name of the owner and a description of the property upon which the lien is claimed, verified by affidavit.

N.M. STAT. ANN. § 70-4-4.

## OBJECTIONS

11. <u>Objection No. 1: Debtor's Production Proceeds are Baker Hughes' Cash Collateral</u>. Despite Debtor's statement to the contrary, the Production Proceeds are Baker Hughes and X-Chem's cash collateral. Section 363(a) of the United States Bankruptcy Code defines "cash collateral" as "cash … or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes proceeds … whether existing before or after the commencement of a case under this title." 11 U.S.C. § 363(a). Baker Hughes and X-Chem (i) provided contracted-for materials and services to Debtor at the Subject Property for which Debtor failed to pay and (ii) perfected their M&M Liens by timely recording the Baker Hughes and X-Chem Lien Affidavits in the real property records of San Juan County, NM. *See*, *e.g.*, Ex. 1 at p. 3 and Ex. 2 at p. 3. As Baker Hughes and X-Chem advised Debtor in the Baker Hughes and X-Chem Lien Affidavits, their M&M Liens attach to "the proceeds from

4

the sale of oil and gas produced" from the Subject Property. *See* Ex. 1 at p. 2 and Ex. 2 at p. 2; *see also* N.M. STAT. ANN. § 70-4-1. Accordingly, Baker Hughes and X-Chem object to the Subject Motion to the extent that Debtor denies that the Production Proceeds are their cash collateral.

12. <u>Objection No. 2: Baker Hughes and X-Chem are Entitled to Adequate Protection</u>. Baker Hughes and X-Chem are entitled to adequate protection from the Debtor for the diminution in value of their cash collateral. Section 363(e) of the United States Bankruptcy Code provides that "on request of an entity that has an interest in property used … by the trustee, the court … shall prohibit or condition such use … as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Debtor has spent Production Proceeds since the Petition Date without Court authority. *See, e.g.,* Subject Motion at p. 1.[2] Debtor's use of the Production Proceeds continues to diminish the value of Baker Hughes and X-Chem's cash collateral—a fact Debtor acknowledged when it (i) valued its interest in the Subject Property at $548,842.00 and (ii) acknowledged that Sellars and Basin, entities Debtor asserts have security interests in the Production Proceeds, are entitled to adequate protection. *See* Docket No. 44 at p. 3; *see also* Subject Motion at pp. 3 & 5-6. Baker Hughes and X-Chem, therefore, object to the Subject Motion to the extent that Debtor denies Baker Hughes and X-Chem are entitled to adequate protection.

13. <u>Objection No. 3: Debtor's Proposed Protection is Not Adequate</u>. Debtor's proposed adequate protection fails to protect any creditor with an interest in the Production Proceeds against their diminution in value. Debtor proposes to protect "Cash Collateral Claimants" against the diminution in value of the Production Proceeds by granting such claimants a "Replacement Lien" against "all assets in which the Cash Collateral Claimants had a

---

[2] Because Debtor failed to file monthly operating reports, it is not possible to ascertain the amount of Production Proceeds the Debtor has spent or for what purpose Production Proceeds have been used.

5

lien or security interest as of the Petition Date." *Id*. at p. 5. It is axiomatic that Debtor's ability to obtain Production Proceeds diminishes as Debtor depletes the oil reserves located under the Subject Property. Accordingly, Debtor cannot adequately protect holders of secured claims against the diminution in value of the Production Proceeds by granting replacement liens which are nothing more than liens against the same collateral that already secures those creditors' claims. Baker Hughes and X-Chem, therefore, object to Debtor's proposed adequate protection because it is illusory.

14. Objection No. 4: Debtor's Budget is Unsupported. Debtor's proposed budget is confusing and unsupported. Debtor states that it needs to make payments from the Production Proceeds in order to continue its operations, which payments include:

| Category | Monthly Amount |
|---|---|
| Payroll | $15,600.00 |
| Federal Taxes and Withholding | $11,436.00 |
| NM taxes and Withholding | $1,200.00 |
| Royalties and Taxes | $27,000.00 |
| Electric | $2,100.00 |
| Insurance | $1,400.00 |
| Repairs | $10,000.00 |
| Ally (secured vehicle payments) | $2,400.00 |
| Blue Cross Blue Shield | $1,800.00 |
| Shell | $1,000.00 |
| Dental Insurance | $220.00 |

*See* Debtor Budget. Debtor failed, however, to produce evidence substantiating the need to make any of these payments. Baker Hughes and X-Chem recognize that some of the above-listed payments may be necessary. That said, Baker Hughes and X-Chem specifically object to the Debtor making any payments from Production Proceeds until Debtor demonstrates that such payments are in the best interests of its estate.

15. Objection No. 5: Debtor Should Not Make Interim Distributions to Only Certain Secured Creditors. Without explanation, Debtor also proposes making scheduled payments to Sellars and Enerdyne, LLC ("Enerdyne"). *See* Budget (proposing that Sellars receive monthly

6

payments of $14,000 and that Enerdyne receive monthly payments of $2,926). Baker Hughes and X-Chem object to the Debtor making cash payments to Sellars and Enerdyne until Debtor (i) provides evidence of these alleged creditors' security interests in the Production Proceeds and (ii) substantiates the need for the amount of the proposed cash payments.

16. <u>Objection No. 6: Debtor Should Not Use Cash Collateral to Pay Its Attorneys</u>. Debtor cannot, without consent or after notice and a hearing as that phrase is used in the Bankruptcy Code, use Baker Hughes and X-Chem's cash collateral to pay its attorneys while simultaneously refusing to make adequate protection payments to secured creditors holding interests in Debtor's Production Proceeds. *See*, *e.g.*, 11 U.S.C. 363(c)(2). As of the date of filing this Motion, Baker Hughes and X-Chem do not consent to the Debtor's use of cash collateral to pay its attorneys or other administrative costs and fees.

**OPPOSED CROSS-MOTION FOR ADEQUATE PROTECTION PAYMENTS**

17. Baker Hughes and X-Chem incorporate the facts and law set forth Paragraph Nos. 1-16, above, as though fully set forth herein.

18. Pursuant to the Subject Motion, Debtor seeks authority to distribute the Production Proceeds under Section 363 of the Bankruptcy Code. Section 363(b) authorizes a debtor, after notice and hearing, to use, sell or lease property of the debtor's estate. This authority to use, sell or lease property, however, is not unfettered. Section 363(e) provides a key limitation:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with our without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e). As explained above, Baker Hughes and X-Chem hold valid and fully perfected M&M Liens which secure the amounts owed to them and encumber, *inter alia*,

7

Debtor's interests in the NE Hogback Unit and Debtor's interest in the Production Proceeds. Baker Hughes and X-Chem respectfully request that the Court provide them with adequate protection to preserve the value of their interests in the Production Proceeds.

19. Section 361 of the Bankruptcy Code sets forth the types of adequate protection which the Court may grant. 11 U.S.C. § 361. The types of adequate protection include cash payments. 11 U.S.C. § 361(1).

20. Baker Hughes and X-Chem are entitled to adequate protection payments to protect against the diminution in value of their M&M Liens, and the Debtor should be compelled to make cash payments to Baker Hughes and X-Chem from the Production Proceeds to preserve the present value of their M&M Liens.

21. Baker Hughes and X-Chem respectfully request that this Court (i) deny the Subject Motion, (ii) grant Baker Hughes and X-Chem's request for adequate protection by compelling a reasonable cash payment to preserve the value of their M&M Liens, and (iii) grant such other relief that is just and proper.

Respectfully submitted December 2, 2014.

        Respectfully submitted,

        SNOW SPENCE GREEN, LLP

        By: *s/ filed electronically*
        Blake Hamm
        Tx State Bar No. 24069869
        2929 Allen Parkway, Ste 2800
        Houston, TX 77019
        (713) 335.4800 x4868 (phone)
        (713) 335.4848 (fax)
        *Attorneys for Baker Hughes Oilfield*
        *Operations, Inc. and X-Chem, LLC*

ASKEW & MAZEL, LLC

By: *s/ filed electronically*
Edward A. Mazel
320 Gold Ave. S.W., Suite 300A
Albuquerque, NM 87102
(505) 433.3097 (phone)
(505) 717.1494 (fax)
*Attorneys for Baker Hughes Oilfield Operations, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 1, 2014, I conferred with William F. Davis, bankruptcy counsel for Chuza Oil Company, regarding the relief requested in Baker Hughes Oilfield Operations, Inc. and X-Chem, LLC's Cross Motion for Adequate Protection and that Mr. Davis stated that the Debtor is opposed to the relief requested in that cross-motion.

*/s/ Blake Hamm*
Blake Hamm

This certifies that on December 2, 2014 a copy of
the foregoing pleading was served by the Bankruptcy
Court's electronic filing system on all parties who
have entered an appearance in this case.

*s/ Filed electronically*
Edward A. Mazel

I:\Client\BAKE1119-Chuza MAIN\Bankruptcy\Objection to Cash Collateral Motion\Objection to Cash Collateral Motion and Cross Motion for Adequate Protection.doc

9