UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Chuza Oil Company, Domestic Profit
EIN: 27-2717292,

Debtor.

No. 14-12842-t11

## DEBTOR'S OBJCTION TO THE APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C. AS ATTORNEYS FOR THE OFFICIAL UNSECURED CREDITORS' COMMITTEE

**COMES NOW** the Debtor, Chuza Oil Company, through its counsel, William F. Davis & Assoc., P.C. (William F. Davis, Esq.), hereby objects to the Application for Approval of the Employment of James & Haugland, P.C. as Attorneys for the Official Unsecured Creditors' Committee. For its Objection, the Debtor states:

1. An unsecured creditors' committee ("UCC") was appointed in this case on November 18, 2014. (Docket No. 39). The members of the UCC were named as Baker Hughes Oilfield Operations, Inc.; Aqua Moss, LLC; M&R Trucking; Guizot, LLC; and Basin Disposal, Inc.

2. A notice of entry of appearance and request for notice was filed by Wiley F. James III of James & Haugland, P.C. on behalf of the UCC on November 26, 2014. (Docket No. 50).

3. A motion for Wiley F. James, III ("James") to appear pro hac vice in this Court was filed on November 26, 2014. (Docket No. 51).

4. The Application to employ James & Haugland, P.C. as attorneys for the UCC was filed on November 26, 2014 ("Application"). (Docket No. 52).

5. The Application was signed by Kristin McLaurin of Baker Hughes Oilfield Operations, Inc. as the Chairman of the UCC. (Docket No. 52 p. 10).

1

DEBTOR'S OBJCTION TO THE APPLICATION FOR APPROVAL
OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C.
AS ATTORNEYS FOR THE OFFICIAL UNSECURED
CREDITORS' COMMITTEE

6. A notice of deadline to object to the Application was filed on November 26, 2014. (Docket No. 53).

7. The deadline for objecting to the Application as set forth in the notice is December 22, 2014. (Docket No. 53).

8. On November 26, 2014 James filed on behalf of the UCC, an Objection to the Debtor's Amended Petition, Statement of Financial Affairs, Amended Schedules, and request for show cause hearing (Docket No. 54); an Objection to the Debtor's motion to assume its executory contract with Guizot, LLC (Docket No. 55); and an Objection to Debtor's motion for use of cash collateral (Docket No. 56).

9. An order was entered admitting James pro hac vice on December 2, 2014. (Docket No. 59).

10. On December 4, 2014 James filed a limited objection to the Debtor's motion to assume its oil and gas leases. (Docket No. 63). On that same day James also filed a motion to compel the filing of monthly operating reports. (Docket No. 64).

11. On December 4, 2014 the Debtor filed its motion to remove Baker Hughes Oilfield Operations, Inc. from the UCC. (Docket No. 71).

12. The Debtor asserts that because Baker Hughes Oilfield Operations, Inc. ("Baker Hughes") was improperly serving on the UCC for the reasons set forth in its motion to remove Baker Hughes from the UCC, Docket No. 71, the actions of the Chairman to sign and file the Application were improper and are actions that should be voided and the Application denied.

2
DEBTOR'S OBJCTION TO THE APPLICATION FOR APPROVAL
OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C.
AS ATTORNEYS FOR THE OFFICIAL UNSECURED
CREDITORS' COMMITTEE

Case 14-12842-t11    Doc 78    Filed 12/15/14    Entered 12/15/14 12:40:34 Page 2 of 4

13. Baker Hughes was serving not only as a member, but as Chairman to the UCC although it has a fully secured claim in this case. Baker Hughes has no unsecured portion to their claim, they should not be a member of the UCC.

14. Baker Hughes' interests are not consistent with those of unsecured creditors. Having been elected chairman of the UCC, this conflict of interest is even more harmful to unsecured creditors.

15. Any actions taken by the UCC that were taken while Baker Hughes serves on the committee should be deemed invalid and any proposed actions should be reauthorized once Baker Hughes is removed from the UCC.

16. The UCC was improperly constituted and the Chairman represents a creditor that has interests adverse to the UCC. Any actions taken at the direction of the UCC at this time are invalid.

17. If Baker Hughes were not the Chairperson or a member of the UCC, the Debtor believes that the UCC would make a more cost effective decision in hiring counsel. James is an out of state attorney who will have to travel to New Mexico for hearings and will have to spend time learning local rules and procedure to participate in this case. The additional costs of retaining an out of state attorney are adverse to the interests of the UCC.

18. The Debtor asks that the Application be denied and asks the Court to order the UCC to reauthorize either this Application or that of another attorney once Baker Hughes is removed from membership of the UCC.

WHEREFORE, the Debtor moves this Court to deny the Application and for any further relief as the Court deems just.

3
DEBTOR'S OBJCTION TO THE APPLICATION FOR APPROVAL
OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C.
AS ATTORNEYS FOR THE OFFICIAL UNSECURED
CREDITORS' COMMITTEE

Case 14-12842-t11    Doc 78    Filed 12/15/14    Entered 12/15/14 12:40:34 Page 3 of 4

Respectfully submitted:
WILLIAM F. DAVIS & ASSOCIATES, P.C.
/s/ Electronically filed on 12/15/14
William F. Davis, Esq.
Attorneys for the Debtor
6709 Academy NE, Suite A
Albuquerque, NM 87109
(505) 243-6129
(505) 247-3185

This certifies that on December 15, 2014,
service of this document was made on all parties entitled
to notice by and via the notice transmission
facilities of the CM/ECF system of the Bankruptcy Court
and those listed below:

James & Haugland, P.C.
P.O. Box 1770
El Paso, TX 79949-1770

Leonard Martinez-Metzgar, Esq.
Trial Attorney
P.O. Box 608
Albuquerque, NM 87103

/s/ 12/15/14
William F. Davis, Esq.

4
DEBTOR'S OBJCTION TO THE APPLICATION FOR APPROVAL
OF THE EMPLOYMENT OF JAMES & HAUGLAND, P.C.
AS ATTORNEYS FOR THE OFFICIAL UNSECURED
CREDITORS' COMMITTEE

Case 14-12842-t11    Doc 78    Filed 12/15/14    Entered 12/15/14 12:40:34 Page 4 of 4