UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
**CHUZA OIL COMPANY,**
   Debtor.            Case No. 14-12842-t11

### OBJECTION BY THE UNITED STATES TRUSTEE TO DEBTOR'S MOTION TO REMOVE BAKER HUGHES OIL FIELD OPERATIONS INC. FROM THE COMMITTEE OF UNSECURED CREDITORS

  COMES NOW the United States Trustee (UST) for the District of New Mexico, and hereby objects to the Motion to Remove Baker Hughes from the Unsecured Creditors Committee filed by the Debtor on December 4, 2014 (Docket No. 71) on the following grounds:

  1. On September 24, 2014 Debtor filed its petition under Chapter 11 of the Bankruptcy Code. On the same date the Debtor filed its Schedules and Statement of Financial Affairs. Baker Hughes is listed as an unsecured creditor in schedule F of Debtor's schedules.

  2. On October 23, 2014, a 341 meeting of creditors was held and concluded by the UST. At the meeting of creditors, there were discussions regarding whether or not Baker Hughes was in fact a totally unsecured creditor as proposed in Debtor's schedules. In the discussions there was mention made that Baker Hughes may be a partially secured creditor in the case but that a final determination of the secured status of Baker Hughes was premature at that time. There was also some discussion regarding the possibility that Baker Hughes might be a totally unsecured creditor in the case or possibly a totally secured creditor in the case. The understanding between the UST and Baker Hughes was that if Baker Hughes was determined to be a totally

secured creditor in the case, that they would not be able to serve on any unsecured creditor committee formed by the UST.

3. On November 18, 2014, the appointment of an unsecured committee was filed by the UST. Baker Hughes was appointed as a member of the UCC.

4. On November 20, 2014, Debtor filed amended schedules. In schedule F of the amended schedules, Debtor again listed Baker Hughes as an unsecured creditor.

5. On December 2, 2014, Baker Hughes filed a proof of claim listing their claim as all or partially secured. This claim position is consistent with what Baker Hughes has asserted from the commencement of the case. Upon information and belief, the UST believes that if it is finally determined that Baker Hughes' claim is a totally secured claim, then Baker Hughes will voluntarily resign from the UCC. The UST's position is that a partially secured claim, by itself, is not a per se disqualifying factor which would prevent such a creditor from being on the UCC. Because the value of Debtor's assets and the secured status of Baker Hughes are still open questions, it is premature to make a determination as to whether Baker Hughes should remain on the committee. Until all these matters are finally resolved, the UST believes that Baker Hughes should remain on the UCC.

WHEREFORE, the United States Trustee objects to the Motion to Remove Baker Hughes from the unsecured committee for the above stated reasons.

Respectfully submitted,

SAMUEL K. CROCKER
United States Trustee

<u>electronically filed on 12/19/14</u>
LEONARD K. MARTINEZ-METZGAR
Trial Attorney
Office of U. S. Trustee
P. O. Box 608
Albuquerque, NM 87103
(505) 248-6548

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing document was electronically filed with the Bankruptcy Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system on December 19, 2014, and additionally, a copy was mailed to the party listed below.

<u>/s/ Leonard K. Martinez-Metzgar 12/19/2014</u>
LEONARD K. MARTINEZ-METZGAR
Trial Attorney

William F. Davis
William F. Davis & Associates, P.C.
Proposed Attorneys for Debtor
6709 Academy NE, Suite A
Albuquerque, NM 87109
(505) 243-6129

Wiley F. James, III
James and Haugland, PC
609 Montana Ave
El Paso, TX 79902
(915) 532-3911

Edward Alexander Mazel, Esq.
320 Gold Ave. SW, Suite 300A
Albuquerque, NM 87102
(505) 433-3097