**IT IS ORDERED**

**Date Entered on Docket: March 2, 2016**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CHUZA OIL COMPANY, DOMESTIC PROFIT          No. 14-12842-t11
EIN: 27-2717292
 Debtor.

### ORDER CONFIRMING DEBTOR'S THIRD AMENDED PLAN OF REORGANIZATION, DATED OCTOBER 16, 2015 (Docket No. 401)

THIS MATTER came before the Court on February 29, 2016 to consider Confirmation of Debtor's Third Amended Plan of Reorganization, Dated October 16, 2015 (the "Plan"). Debtor was represented by William F. Davis & Assoc., P.C. (William F. Davis, Esq.); X-Chem, LLC ("X-Chem") was represented by its counsel, Snow Spence Green LLP (Blake Hamm); Aztec Well Servicing Co. ("Aztec"), Triple S Trucking Co. ("Triple S"), Totah Rental & Equipment Co. ("Totah") were represented by its counsel Curtis R. Gurley; Guizot LLC ("Guizot") and Chuza Acquisition LLC ("Acquisition") were represented by its counsel McKool Smith (Christopher Johnson); Joyce Sellars ("Sellars") was represented by her counsel Hiersche, Hayward, Drakeley & Urbach, P.C. (Jason M. Katz), and the Official Committee of Unsecured Creditors ("UCC")was represented by its counsel, James & Haugland, PC (Wiley James, and the United States Trustee was represented by Leonard K Martinez-Metzgar, Esq. The Court, having

Order Confirming Debtor's Third Amended Plan of                                   Page 1
Reorganization, Dated October 16, 2015
Case 14-12842-t11    Doc 431    Filed 03/02/16    Entered 03/02/16 15:28:57 Page 1 of 14

heard presentations by counsel, having heard the proffer of proof of Debtor's counsel with respect to the requirements of 11 U.S.C. § 1129(a), having reviewed the record, and being otherwise sufficiently advised in the premises, FINDS:

## **FINDINGS OF FACT**

1. The Court has jurisdiction over this Chapter 11 case, the Debtor, and the subject matter of the confirmation hearing pursuant to 11 U.S.C. §101 *et seq.*, 28 U.S.C. §§157 and 1334. Confirmation of the Third Amended Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2) and this Court has jurisdiction to enter this Confirmation Order. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. Since the Petition Date, the Debtor has managed its affairs and conducted its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Bankruptcy Case.

3. At the Confirmation Hearing, the Debtor tendered the sworn Proffer of Testimony of Robert Goldstein, President of the Debtor, concerning compliance with the requirements of Section 1129(a) of the Bankruptcy Code. The Court accepted the Proffered testimony into evidence.

4. The Debtor has properly solicited votes on the Third Amended Plan and mailed copies of the Third Amended Plan, the Amended Disclosure Statement approved by the Court, the Order Approving Amended Disclosure Statement entered by the Court, notice of the Confirmation Hearing, and a Ballot to all impaired creditors entitled to vote on the Third Amended Plan in conformance with Bankruptcy Rules 2002 and 3017 and the Bankruptcy Code. As demonstrated by the Ballot Summary with ballots filed with the Court, and based upon the record before the Court, the solicitation and tabulation of acceptances and rejections of the Third Amended Plan by the Debtor and its counsel was accomplished in a proper, fair and lawful manner in

accordance with the Disclosure Statement Order and applicable requirements of the Bankruptcy Code and Bankruptcy Rules. The Third Amended Plan has been accepted by the holders of Claims whose acceptance is required in accordance with the provisions of § 1126(c) of the Bankruptcy Code.

5. Notice of the hearing on confirmation of the Third Amended Plan, the voting deadline set by the Court, and the Third Amended Plan objection deadline set by the Court, was provided in compliance with Rules 2002, 3017, 3019, 3020, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and corresponding Local Rules, and the Order Approving Amended Disclosure Statement entered by the Court, to all creditors, holders of equity interests, and other parties entitled to notice. Notice of the Third Amended Plan and the transactions contemplated thereby, and the confirmation hearing, has been reasonable, adequate, and sufficient in all respects and complied with all applicable requirements of the Bankruptcy Code and Bankruptcy Rules.

6. The Third Amended Plan, as required by Section 1123 of the Bankruptcy Code:

    a.    designates, subject to section 1122, classes of Claims, other than Claims of a kind specified in Section 507(a)(1), 507(a)(2) or 507(a)(8), and classes of Equity Interests;

    b.    specifies every class of Claims or Equity Interests that is not impaired under the Third Amended Plan;

    c.    specifies the treatment of any class of Claims or Equity Interests that is impaired under the Third Amended Plan;

    d.    provides the same treatment for each Claim or Equity Interests of a particular class, unless the holder of a particular Claim or Equity Interest agrees to a less favorable treatment of such particular Claim of Equity Interest;

    e.    provides adequate means for the Third Amended Plan's implementation;

    f.  contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Third Amended Plan and any successor to such officer, director, or trustee; and

    g.  the Third Amended Plan complies with the applicable provisions of title 11, and the Debtor has complied with the applicable provisions of Chapter 11, as required by sections 1129 (a)(1) and (a)(2) of the Bankruptcy Code.

7. The Third Amended Plan impairs or leaves unimpaired each class of Claims and Equity Interests in accordance with, and complies with §1123(b)(1) of the Bankruptcy Code. The Debtor has exercised sound business judgment in determining executory contracts or unexpired leases of the Debtor to be accepted or rejected under the Third Amended Plan, and accordingly the Third Amended Plan complies with §§1123(b)(2) and 365 of the Bankruptcy Code.

8. The Third Amended Plan complies with all applicable provisions of the Bankruptcy Code, including without limitation, §§1122 and 1123 of the Bankruptcy Code, and therefore the Third Amended Plan satisfies the requirements of §1129(a)(1) of the Bankruptcy Code.

9. The Debtor, as proponent of the Third Amended Plan, has complied with the applicable provisions of the Bankruptcy Code including, without limitation, §§1125 and 1126 of the Bankruptcy Code, and therefore, the Debtor satisfies the requirements of §1129(a)(2) of the Bankruptcy Code.

10. The Third Amended Plan was proposed in good faith and not by any means forbidden by law, and therefore the Third Amended Plan satisfies the requirements of §1129(a)(3) of the Bankruptcy Code.

11. Any payments made or to be made by the Debtor for services or for costs and expenses in or in connection with this Chapter 11 case, or in connection with the Third Amended Plan and

incident to this Chapter 11 case, have, to the extent required by the Bankruptcy Code, the Bankruptcy Rules or orders of this Court, been approved by, or are subject to the approval of this Court as reasonable. Therefore, the Third Amended Plan satisfies the requirements of §1129(a)(4) of the Bankruptcy Code.

12. The identity of any insider that will be employed or retained by the Reorganized Debtor and the nature of any compensation has been disclosed, and therefore the Third Amended Plan satisfies the requirements of §1129(a)(5) of the Bankruptcy Code. The Debtor has disclosed that Robert Goldstein will serve as the post-confirmation officer of the Reorganized Debtor and manage the affairs of the corporation.

13. The Third Amended Plan does not provide for any rate change over which a governmental regulatory commission will have jurisdiction, and therefore §1129(a)(6) of the Bankruptcy Code is not applicable to the Third Amended Plan.

14. As required by section 1129(a)(7), with respect to each "impaired" Class of Claims or Equity Interests, each holder of a Claim or Equity Interest of such Class either accepted the Third Amended Plan or will receive or retain under the Third Amended Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount of such holder would so receive or retain if the Debtor was liquidated in Chapter 7.

15. The Third Amended Plan complies with section 1129(a)(9) of the Bankruptcy Code because the holders of Administrative Expense Claims will receive cash in the allowed amounts of their Administrative Expense Claims on the Effective Date, except to the extent a holder has agreed to different treatment. Holders of Priority Unsecured Non-Tax and Administrative Expense Claims will be paid in cash the allowed amount of their Claims within ten (10) of the Effective Date, except to the extent a holder agreed to a different treatment.

16. The Third Amended Plan satisfies the requirements of §1129(a)(10) of the Bankruptcy

Code because, at least one class of claims that is impaired under the Third Amended Plan has accepted the Third Amended Plan. Therefore, the Third Amended Plan satisfies the requirements of § 1129 (a)(10) of the Bankruptcy Code.

17. Confirmation of the Third Amended Plan is not likely to be followed by liquidation. Accordingly, the Third Amended Plan satisfies §1129(a)(11) of the Bankruptcy Code.

18. All fees payable under 28 U.S.C. §1930 to date have been paid, the Debtor shall pay any such fees that are payable on the Effective Date of the Third Amended Plan, and therefore the Third Amended Plan satisfies §1129(a)(12) of the Bankruptcy Code.

19. The Third Amended Plan provides for retiree benefits to be continued by the Debtor for the period the Debtor has obligated itself to provide such benefits; and accordingly §1129(a)(13) of the Bankruptcy Code has been satisfied with respect to the Third Amended Plan.

20. The Debtor is not an individual, is not required by judicial or administrative order or by statute to pay a domestic support obligation, and is not a corporation or trust that is not a moneyed, business, or commercial corporation or trust; and accordingly, §§1129(a)(14) and (15) are not applicable to the Third Amended Plan.

21. Section 1129(b) of the Bankruptcy Code is not applicable to the Third Amended Plan, as the requirements of §1129(a)(8) of the Bankruptcy Code have been satisfied.

22. All Plans other than the Debtor's Third Amended Plan have been withdrawn; accordingly, the Third Amended Plan satisfies §1129(c) of the Bankruptcy Code.

23. No party in interest that is a governmental unit has objected to the Third Amended Plan on the grounds that the principal purpose of the Third Amended Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, and the Court finds this is not the principal purpose of the Third Amended Plan; therefore, the Third Amended Plan satisfies the requirements of §1129(d) of the Bankruptcy Code.

24. The Third Amended Plan separately classifies the Claim treatment of Chuza Acquisition LLC in Class 4 and provides for the settlement of the Guizot Parties' Claims pursuant to a Settlement Agreement attached as Exhibit K to the Disclosure Statement (the "Settlement Agreement").

25. Under 11 U.S.C. §§ 1123(b)(3), (b)(5), or (b)(6) and Bankruptcy Rule 9019, the Court has approved the compromise set forth in the Settlement Agreement and finds such compromise fair and equitable and in the best interest of the estate after considering (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise, including the "paramount interest of the creditors" and the nature of the negotiations. . .

26. On September 24, 2014, Debtor filed this Chapter 11 Case. Doc. 1.

27. On October 16, 2015, Debtor filed its Plan and Debtor's Third Amended Disclosure Statement, Dated October 16, 2015 (the "Disclosure Statement") in support of the Plan. Docs. 401 and 402.

28. The Disclosure Statement was approved by order of the Court filed on December 17, 2015. Doc. 412. Notice of the Disclosure Statement, the Plan, and the hearing thereon was sufficient in form and content. By that same order (the "Order Setting Plan Deadlines"), the Court fixed February 19, 2016 as the last day for filing and serving objections to confirmation of the Plan, the last day to submit written acceptances or rejections of the Plan, and set a hearing to consider confirmation of the Plan for February 29, 2016. *Id.*

29. Copies of the Disclosure Statement, the Plan, the Order Setting Plan Deadlines, and ballots for accepting or rejecting the Plan were duly served upon creditors and interested parties on December 21, 2015, as shown by the Certificate of Mailing filed herein on that date. Doc. 416.

30. Creditor Taxation and Revenue Department of the State of New Mexico filed its objection to confirmation on February 18, 2016. (Docket No. 419).

31. The United States Trustee filed its objection to confirmation on February 19, 2016. (Docket No. 420).

32. No other objections to Confirmation of the Plan were filed, timely or otherwise.

33. Ballots were received as solicited and a Ballot Tally was filed on February 26, 2016. (Docket 427). The Ballot Tally shows all classes accepted the Plan.

34. There are no rejecting classes of claimants under the Plan.

35. All Objections to the Plan are hereby either withdrawn or overruled.

36. The Plan complies with all the necessary confirmation requirements of 11 U.S.C. § 1129(a); 1123(a) and 1123(b).

37. The Plan is feasible and Confirmation of the Plan is not likely to be followed by liquidation.

38. The Plan should be confirmed subject to the modifications set out herein and announced in open court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A. Debtor's Plan is hereby confirmed, with the following modifications that are hereby incorporated into the Plan.

  i. Section 10.10 <u>Releases is deleted and replaced with the following</u>:

  "All claims of the Debtor, the Estate and the Chuza Parties[1] against Baker Hughes Oilfield Operations, Inc. ("Baker Hughes"), its officers, directors, affiliates, employees, and professionals or agents, from any and all claims and demands of any kind, whether known or unknown, fixed or contingent, that they ever had, now have, or can have from the beginning of time to the date of this Confirmation Order against Baker Hughes are released. The exculpation and limitation of liability of the Debtor, the Guizot Parties, their officers, managers and directors,

---

[1] As defined in the Plan, "Chuza Parties" means Chuza Oil Company, Inc., Bobby Goldstein, Bobby Goldstein Productions, Inc., NRG Technicians, LLC Cheater's Spy Shop, Inc.; and the Estate of Leon Goldstein.

and the attorneys retained by them for any liability to any person, creditor, or equity interest holder related to the Bankruptcy Case, the Plan, or the associated disclosure statement, except for gross negligence or willful misconduct is effective upon confirmation of the Plan. The Chuza Parties release and forever discharge the Guizot Parties and their representatives, agents, attorneys, predecessors, successors and assigns from any and all claims and demands of any kind, whether known or unknown, fixed or contingent, that they ever had, now has, or can have from the beginning of time to the date of Plan Confirmation. Except as set forth in the Settlement Agreement and the Plan, the Guizot Parties release and forever discharge the Chuza Parties and their representatives, agents, attorneys, predecessors, successors and assigns from any and all claims and demands of any kind, whether known or unknown, fixed or contingent, that it they ever had, now has, or can have from the beginning of time to the date of Plan Confirmation.

The Debtor, the UCC, the Chuza Parties, the Guizot Parties, the Reorganized Debtor, and all of their respective present and former partners, members, officers, directors, employees, advisors, attorneys, insiders, and agents (collectively, the "Released Parties") shall not have or incur any liability to any holder of a claim or interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns for any act or omission in connection with, relating to or arising out of this Chapter 11 Case, any settlement related to this Chapter 11 Case, the negotiation or execution of a proposed Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Estate or of the Plan, issuance and distribution of any securities issued or to be issued pursuant to the Plan, or the property to be distributed under the Plan, except only to the extent that liability is based on willful misconduct."

B. The following language is added to the treatment of the Class 3 claim:

"Joyce Sellars is enjoined from pursuing Bobby Goldstein under his personal guaranty of repayment of the amounts owed to Sellars (see Sellars Order Docket 425) unless Debtor is in default in making its Plan Payments to Sellars. Sellars shall not be required to send notice of default to Debtor prior to pursuing Goldstein under his guaranty or the Debtor for failure to make plan payments. Section 10.10 does not release Bobby Goldstein from the personal guaranty he executed in favor of Joyce Sellars prior to the petition date."

C. The following language is added to the treatment of Class 6 claims:

"Failure to pay a plan installment payment to any Class 6 creditor when due is an event of default, which if not cured within fourteen (14) days after notice is sent electronically to Debtor's Counsel, will result in the unpaid Class 6 creditor being permitted to collect the unpaid balance through any judicial means provided by applicable non-bankruptcy law."

D. Paragraph 7.05 of the Plan, dealing with reduction of claims following collection from a co-debtor, and Paragraph 9.02(d) of the Plan, enjoining the assertion of any setoff or right of subrogation against any obligation due from the Reorganized Debtor by a claimant, shall not apply to TRD, except to the extent that Paragraph 7.05 does not permit double recovery of TRD's claim against Debtor.

E. The Reorganized Debtor shall timely report and pay all post-confirmation tax liabilities in accordance with applicable non-bankruptcy law. Failure to timely report and pay post-confirmation taxes shall be an event of default with respect to the confirmed Plan.

F. The provisions of Article V of the Plan, dealing with administrative expenses claims, do not apply to TRD.

G. Failure by the Reorganized Debtor to make a Plan payment to TRD when due shall be an event of default with respect to the confirmed Plan.

H. In the event of a default, TRD shall give the Reorganized Debtor and Counsel for Debtor written notice, by USPS first-class mail or electronic transmission at the address of record with the Court. Notice shall be deemed given when sent. If the Reorganized Debtor does not cure the default within fifteen days of notice being given, TRD may accelerate all amounts then due it under the Plan, and seek collection of the remaining balance of its Claim by any means permitted under applicable non-bankruptcy law. In the event of an uncured default under the terms of this Plan, as amended herein, the provisions of Plan Paragraph 9.02 shall not apply to TRD.

I. The Debtor's payments to the TRD shall be delivered in person or by first class mail to the Department's Bankruptcy Section, P.O. Box 8575, Albuquerque, New Mexico 87198-8575. Each check shall set forth on its face the Debtor's case number, and be denominated as a plan payment.

J. The amount of the payment to TRD on its priority claim shall be $1,018.55 monthly.

K. The administrative claim of TRD shall be paid by the Effective Date.

L. Upon the Effective Date, all Property of the Estate of the Debtor shall vest in the Reorganized Debtor free and clear of all claims and interests, except as set out in the Plan and as modified by this Order.

M. Upon the Effective Date, the Debtor, the Chuza Parties and the Guizot Parties shall execute the Settlement Agreement and take all other actions necessary to effectuate the agreements set forth in the Settlement Agreement.

N. The Plan provision in Article IX Section 9.02 Injunction and Article X Section 10.11 Exculpation are stricken in their entirety.

O. Pursuant to 11 U.S.C. § 1123(b) (3), Debtor shall retain and enforce, litigate, and liquidate all claims, causes of action, and interests belonging to Debtor or the Estate. Debtor shall have the choice whether to initiate, pursue, or, to conclude such litigation.

P. All Objections to the Plan as modified are hereby either withdrawn or overruled.

Q. The Court retains jurisdiction of this chapter 11 proceeding and over all adversary proceedings, contested matters, and other matters or proceedings arising in or in connection with this matter, and including without limitation jurisdiction to:

    a. Consider any modification of the Plan under § 1127 of the Bankruptcy Code, to the fullest extent permitted under the Bankruptcy Code.

    b. Hear and determine controversies, suits, and disputes between Debtor and any creditor that may arise in connection with the interpretation or enforcement of the Plan;

    c. Hear and determine all requests for allowance of compensation and/or reimbursement of expenses by Professional Persons made after the Confirmation Date;

    d. Classify, fix, liquidate, allow, or disallow Claims and direct distribution of the funds under the Plan, and hear and determine all objections to Claims, controversies,

suits, and disputes pending on or after the Confirmation Date;

 e. Hear and determine all adversary proceedings still pending and not dismissed, or which are hereinafter filed to determine disputed matters not disposed of by the Plan, but which relate to the Plan;

 f. Adjudicate all Claims or controversies arising out of any purchases, sales, or contracts made or undertaken by Debtor during the pendency of this case;

 g. Hear and determine any and all applications, adversary proceedings, and other matters arising out of or related to the Plan, including but not limited to actions under 11 U.S.C. §§ 506, 542, 543, 544, 545, 547, 548, 549, 550, or 553;

 h. Order the sale of assets by Debtor out of the ordinary course of business and free and clear of or subject to liens or encumbrances, as the case may be, pursuant to 11 U.S.C. § 363;

 i. Correct any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the Plan or the Confirmation Order, or as may be necessary to carry out the purposes and intent of the Plan;

 j. Determine disputed applications for the assumption or rejection of executory contracts and unexpired leases under § 365 of the Bankruptcy Code, and determine the allowance of the Claims resulting therefrom;

 k. Determine any and all disputes arising under or relating to the Plan and enforce and administer the provisions of the Plan;

 l. Determine any and all disputed arising under or relating to the Settlement Agreement;

 m. Enforce all Orders, judgments, injunctions, and rulings entered in connection with the Bankruptcy Case, including using Rule 7070 of the Federal Rules of Bankruptcy

Procedure;

n. Enter an order discharging Debtor;

o. Enter a Final Decree under Bankruptcy Rule 3022 closing this Bankruptcy Case;

Make such Orders as are necessary or appropriate to carry out the provisions of the Plan;

p. Make such Orders or give such direction as may be appropriate under §1142 of the Bankruptcy Code; and

q. Undertake such other matters, consistent with the Plan, as may be provided for in this Confirmation Order.

###END OF ORDER###

Submitted by:

WILLIAM F. DAVIS & ASSOC., P.C.
*Submitted electronically on 03/01/16*
William F. Davis, Esq.
6709 Academy NE, Suite A
Albuquerque NM 87109
Telephone: (505) 243-6129
Fax: (505) 247-3185
*Attorneys for Debtor*

Approved:


*Approved via email dated 02/29/16*
Leonard K Martinez-Metzgar, Esq.
P.O. Box 608
Albuquerque, NM 87103-0608
Attorney for United States Trustee

*Approved via email on 02/29/16*
Wiley F. James, III
James & Haugland, P.C.
609 Montana Ave.
El Paso, TX 79902
(915) 532-3911
(915) 541-6440 (fax)
*Attorneys for Official Unsecured Creditors' Committee*

*Approved via email on 02/29/16*
Blake Hamm
SNOW SPENCE GREEN, LLP
2929 Allen Parkway, Ste 2800
Houston, TX 77019
(713) 335.4800 x 4868
(713) 335.4848 (fax)
*Attorneys for and X-Chem, LLC*

*Approved via email on 02/29/16*
Curtis R. Gurley
Post Office Box 1618
Aztec, New Mexico 87410
(505) 325-8813
(505) 333-3889 (fax)
*Attorneys for Aztec Well Servicing Co.; Triple S Trucking Co., Inc.; Totah Rental & Equipment Co., Inc.*

*Approved via email on 02/29/16*
Hugh M. Ray, III
New Mexico Bar No. 146251
Christopher D. Johnson
New Mexico Bar No. 147466
MCKOOL SMITH PC
600 Travis, Suite 7000
Houston, Texas 77002
(713) 485-7300
(713) 485-7344 (fax)
*Attorneys for Guizot LLC and Chuza Acquisition, LC*

*Approved via email on 02/2916*
Jason M. Katz
Texas State Bar No. 24038990
Hiersche, Hayward, Drakely & Urbach, P.C.
15303 Dallas Parkway, Ste. 700
Addison, Texas 75001
(972) 701-7000
(972) 701-8765 (fax)
*Attorneys for Joyce Sellars*

*Approved via email dated 02/29/16*
James C. Jacobsen
Assistant Attorney General
New Mexico Taxation and Revenue Department
111 Lomas Blvd. NW, Suite 300
Albuquerque, NM 87102-2368

F:\Chuza Oil\Amended Plan and DS\Third Amended Order\Final Confirmation Order 2.29.16.doc

Order Confirming Debtor's Third Amended Plan of Reorganization, Dated October 16, 2015   Page 14